**Carol Anne HARRIS, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant.**

**No. 78–CV–0493–W–5.**

United States District Court,
W. D. Missouri, W. D.

March 20, 1980.

Samuel I. McHenry, Legal Aid, Kansas City, Mo., for plaintiff.

Samuel J. Goldberg, Perry Brandt, Stinson, Mag & Fizzell, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

Plaintiff sues for damages and injunctive and declaratory relief under Title VII of the Civil Rights Act of 1964, as amended 1972. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e–5(f), and 28 U.S.C. § 1343(4). Defendant has moved the Court for summary judgment on the grounds that plaintiff's claims are barred by the equitable doctrine of laches. Defendant's motion for summary judgment is denied.

Plaintiff was discharged from defendant's Claycomo, Missouri plant in September, 1973. Immediately after her discharge, plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). During June of 1976, the EEOC interviewed plaintiff and took her statement and the statement of her former supervisor at Ford, Donald Smith. The EEOC determined that there was no reasonable cause to believe that defendant was in violation of Title VII. Notice of the Right to Sue was sent to plaintiff on August 5, 1976. This Notice of the Right to Sue was returned to the EEOC as "unclaimed". Nearly two years later, plaintiff inquired about her claim, and the EEOC issued a second Right to Sue letter. Plaintiff filed this suit within ninety (90) days after receiving her second Notice of the Right to Sue.

Defendant argues that plaintiff's claims are barred by the equitable doctrine of laches because plaintiff's delay in filing suit was inexcusable and resulted in undue prejudice to the defendant. Defendant asserts that plaintiff's delay was inexcusable because she moved several times without notifying the EEOC of her change of address and she failed to take any action to find out the status of her claim. Defendant maintains that plaintiff's inexcusable delay caused them undue prejudice because memories of witnesses have dimmed and because plaintiff is attempting to recover back pay. If plaintiff is successful, the defendant will have to pay a substantial sum for work that they have already paid someone else to perform.

Plaintiff claims that the delay was excusable and resulted from a lack of diligence on the part of the EEOC. Even if plaintiff failed to inform the EEOC of each address change, she did provide them with an alternate address where she would be reached at all times. Plaintiff asserts that the delay was caused by EEOC's failure to send the letter to this alternate address and was, therefore, beyond the plaintiff's control.

The Court finds that the facts of this case and the law support the plaintiff's argument.

Section 2000e–5(f)(1) of 42 U.S.C. provides for a 90-day statute of limitations period from the time the aggrieved person receives a Notice of the Right to Sue from the EEOC. This provision has universally been interpreted to mean that actual notice of the Right to Sue triggers the running of the 90-day period.[1] *Alexander v. Gardner-Denver Company*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Shehadeh v. Chesapeake and Potomac Telephone Company of Maryland et al.*, 595 F.2d 711 (D.C. Cir.1978); *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282 (9th Cir. 1977); *Melendez v. Singer-Friden Corporation*, 529 F.2d 321 (10th Cir. 1976); *Tuft v. McDonnell Douglas Corporation*, 517 F.2d 1301 (8th Cir. 1975); *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir. 1974); *Franks v. Bowman Transportation Company*, 495 F.2d 398 (5th Cir. 1974), *rev'd on other grounds*, 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Marshall v. Electric Hose and Rubber Company*, 65 F.R.D. 599 (D.Del.1974).

The purpose of the statutory notification is to inform the claimant that his administrative remedies with the Commission have been exhausted and that the ninety-day period has begun to run. This purpose has not been accomplished "unless the claimant is actually aware of the suit letter. In terms of the policy behind limitations periods generally, the claimant can hardly be said to have slept on his rights if he allows the [ninety-day] period to expire in ignorance of his right to sue." *Franks v. Bowman Transportation Company*, 495 F.2d at 404.

In *Craig v. Department of Health, Education and Welfare*, 581 F.2d 189 (8th Cir. 1978)[2], the Eighth Circuit Court of Appeals

---

**1.** Section 2000e–5(f)(1), as amended in 1972 provides:

"If . . . the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge . . . ." (Emphasis added.)

Prior to the 1972 amendments, this section provided:

"If . . . the Commission has been unable to obtain voluntary compliance with this title, *the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought* against the respondent named in the charge . . . ." 78 Stat. 259 (1964) (Emphasis added.)

Although the wording is different between the amended and the unamended statute, courts have consistently interpreted both to require actual notice. For the purposes of this opinion, no differentiation will be made between cases governed by the pre-1972 amendments and the current statute. *See also, Plunkett v. Roadway Express, Inc.*, 504 F.2d 417 (10th Cir. 1974).

**2.** This action was brought under the Civil Rights Act of 1964, §§ 701 et seq., 717(c) as amended 42 U.S.C. §§ 2000e–2000e–16(c), which is applicable to federal employees. It differs in wording from § 2000e–5(f)(1) but courts interpret the two sections similarly. *See Bell v. Brown*, 557 F.2d 849 (D.C.Cir.1977).

set out criteria for determining whether notice is sufficient in Title VII actions. The court stated that notice is sufficient if:

"(1) A registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefor, is sent to the employee and the employee personally acknowledges such receipt; or

"(2) A registered or certified letter, or other written notice requiring the recipient to acknowledge receipt therefor, is sent to the representative designated by the employee. Such notice must be addressed in accordance with the specific directions of the employee, and receipt must be acknowledged personally by the designated representative." 581 F.2d at 193.

■ Under this criteria, the first Notice of the Right to Sue in the pending case was insufficient because the employee, Carol Anne Harris, never personally acknowledged its receipt. The 90-day statute of limitation period did not begin to run until she received the second Right to Sue letter sometime in the spring of 1978. However, the defendant does not contend that plaintiff's suit is barred by the statute of limitations. Instead, defendant argues that plaintiff is barred by the equitable doctrine of laches. The Court must determine whether the plaintiff's conduct caused the delay which resulted from the EEOC's failure to contact the plaintiff.

■ Because laches is an equitable doctrine, it is within the discretion of the trial court to determine whether it applies. Laches has basically two elements: there must be an inexcusable delay in asserting any right or claim, and that delay must have caused undue prejudice to the party against whom the claim is asserted. See generally, 30A C.J.S. Equity §§ 115–6 (1965).

■ The defendant maintains, and the Court does not question, that the plaintiff's two-year delay in filing suit resulted in prejudice to the defendant. Memories of witnesses have dimmed, and steps to preserve testimony and evidence were not taken. However, as pointed out in her brief, plaintiff is also adversely affected by this lapse of time. Prejudice alone is not sufficient to bar the plaintiff's claims under the equitable doctrine of laches.

■ Defendant argues that it is additionally prejudiced by the plaintiff's claim for back pay. If successful, the plaintiff will be entitled to two more years of back pay than she would have been had the suit been filed within 90 days of the issuance of the first Notice of the Right to Sue. The Court understands that this may cause hardship on the defendant, but it is the policy of the courts to encourage back pay awards and to construe Title VII liberally in order to make the plaintiff "whole". See Albemarle Paper Co. v. Moody et al., 422 U.S. 405, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975). Unless the conduct of the plaintiff precludes an award of back pay, the Court may not arbitrarily deny it. For the reasons stated below, the Court finds that the plaintiff's conduct in this case does not preclude an award of back pay.

■ The defendant has demonstrated that it has been prejudiced by the two-year delay, but prejudice is not enough. The defendant must also show that the delay was inexcusable. On this point, the defendant falls short. There was no inexcusable delay on the part of this plaintiff. On the EEOC's own form, the plaintiff gave an address where she could be reached at all times. The defendant has offered no evidence that the EEOC attempted to notify plaintiff at this address. It would be difficult to say that plaintiff impermissibly slept on her rights when she was secure with the knowledge that the EEOC could reach her through this address even though she had moved several times.

Of course, plaintiff's omission to inform EEOC of her current address contributed to the delay. Had she timely notified them of her current address, the first Notice of the Right to Sue would have reached her. But, even though plaintiff's omission was a contributing factor to the delay, it is still not sufficient to bar her claim under the doctrine of laches. The question to ask is:

Would the delay have been avoided except for the omission (or actions) of the plaintiff? The answer here is no. A reasonable amount of diligence on the part of the EEOC would have prevented the delay. They did not need to look further than their own Charge of Discrimination form to find an address where they could have reached plaintiff. The burden to notify the plaintiff of her Right to Sue is on the EEOC, and its lack of diligence in this case was the cause of the delay. To penalize the plaintiff here would be to ignore the legislative intent to construe Title VII cases liberally. *See Albemarle Paper Co. v. Moody et al.*, *supra.*

For the reasons stated, it is hereby

ORDERED that the defendant's motion for summary judgment is denied.