**Paul GRESHAM, Plaintiff,**

v.

**FORD MOTOR COMPANY, Defendant,**
**Lestor Minor and Garfield Jairrels,**
**Applicants for Intervention.**

**Civ. A. No. 13857.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 25, 1970.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., Jack Greenberg, William L. Robinson, New York City, for plaintiff.

Troutman, Sams, Schroder & Lockerman, Atlanta, Ga., for defendant.

SIDNEY O. SMITH, Jr., Chief Judge.

This is an action seeking to redress alleged discrimination in employment. Plaintiff alleges that the defendant has acted to deprive him of rights secured under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e et seq., and under 42 U.S.C.A. § 1981. He brings this action pursuant to Title VII, and 42 U.S.C.A. § 1983, invoking jurisdiction under 28 U.S.C.A. § 1343.

In Paragraph II of the Complaint, plaintiff seeks to maintain this suit as a class action. Two additional black citizens seek to intervene as plaintiffs. The defendant challenges plaintiff's right to maintain a class action, and opposes intervention.

Gresham alleges that:

(1) since his employment in 1965, on numerous occasions solely because of his race, the Company has unjustifiably issued discipline reports for minor errors in his work, resulting in a poor work record which has hampered his opportunity for promotion, and also resulting in docked time and lay-offs totalling 22.5 hours;

(2) on one occasion, solely because of his race he was refused permission to leave the production line when he became sick;

(3) on another occasion, solely because of his race the Company refused to allow him to temporarily transfer to lighter work, to allow a back injury he had received on the production line to heal;

(4) he was transferred to a more dangerous job in another department because of his race and because he had filed charges with the EEOC.

## CLASS ACTION

Undoubtedly, Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122 (5th Cir. 1969), and Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir. 1968) have broadened the availability of class actions in Title VII suits. However, these cases neither require nor justify the conclusion that at the suit of any individual who is refused employment, not promoted, is disciplined or is fired allegedly because of his race, color, religion, sex or national origin, an employer subject to Title VII must submit for judicial scrutiny, and justify its every act or omission with regard to every individual of such race, color, religion, sex or national origin it has employed since enactment of Title VII. It is neither logical nor fair that every claim for relief brought pursuant to Title VII automatically qualifies for class action treatment.

There are four prerequisites for maintenance of a class action stated in Fed. R.Civ.P. 23(a), and routinely recited in complaints seeking to invoke the class action device. Without repeating them all, it does not appear that the instant complaint involves questions of law or fact common to the class, or claims which are typical of the claims of the class.

This does not appear to be a case involving an employer who refuses to hire or promote Negroes broadly, or who allegedly maintains segregated facilities or lines of progression. There is no allegation that Negroes are required to take tests from which whites are exempted for employment or promotion, or that blacks are not allowed to take tests passage of which would qualify them for employment or promotion. There is no indication that the defendant has otherwise acted or refused to act in such a general manner affecting a class of employees.

Rather this appears to be a case of particular action taken against an indi-

vidual, resolution of the dispute involving which will require only examination of the particular facts involved in each disciplinary report, on the two occasions plaintiff was allegedly refused temporary relief from his job, and in his transfer. The sole basis for allowing maintenance of this suit as a class action is that the actions taken against the plaintiff were allegedly motivated by racial discrimination. Only by accepting the premise that every civil action for racial discrimination in employment states a case for treatment as a class action can the plaintiff's position be accepted and the class action allowed to proceed.

This premise is unacceptable on a legal level. In Potts v. Flax, 313 F.2d 284 (5th Cir. 1963), the Court of Appeals allowed a suit to be maintained as a class action where the action was an attempt to end an openly and frankly admitted system-wide system of school segregation. The Court relied upon two cases, the difference between which underscores how inappropriate the instant case is as a class action.

In Sharp v. Lucky, 252 F.2d 910 (5th Cir. 1958), the Court of Appeals ruled that a Negro attorney, who had been required to use segregated voter registration facilities in the course of representing a client whose registration was being challenged by the parish registrar, could maintain a class action to end operation of this public office of the parish on a segregated basis. But in Reddix v. Lucky, 252 F.2d 930 (5th Cir. 1958), decided the same day, the same panel held that a Negro voter struck from the parish rolls could not maintain a class action on behalf of 2,500 black citizens also struck from the parish voter rolls seeking restoration of their names to such rolls, an injunction against future challenges, and damages.

· The instant case is as different from Title VII cases challenging general employment practices such as discriminatory testing, as Reddix v. Lucky, *supra*, is from Sharp v. Lucky, *supra*.

The premise that every civil action for racial discrimination in employment states a case for treatment as a class action is also unacceptable on the level of equity. Where an individual of a certain race, color, religion, sex or national origin is aggrieved by particular company action against him, it is patently unfair to the company to require it to list, explain and defend every refusal to hire, failure to promote, disciplinary action and termination of every applicant or employee of that race, color, religion, sex or national origin since enactment of Title VII.

Accordingly, plaintiff may not prosecute this suit as a class action.

## INTERVENTION

It follows that the motions to intervene must be and hereby are denied, without prejudice to the right of any party to file his own suit and seek consolidation of these claims as separate actions.

It is so ordered.