**Esker BARNETT, Jr., Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**LABORERS' INTERNATIONAL UNION OF NORTH AMERICA, LOCAL 603, Defendant.**

**Civ. A. No. 77-11 ERIE.**

United States District Court, W. D. Pennsylvania.

Aug. 11, 1977.

Joseph P. Burt, Legal Services of Northwestern Pa., Erie, Pa., for plaintiff.

Howard Grossinger, Pittsburgh, Pa., for defendant.

MEMORANDUM ORDER

WEBER, Chief Judge.

On January 20, 1977, the above complaint was filed as a class action. The class action allegations as required by Local Rule 34 were in conclusory form. Local Rule 34 allows plaintiff 90 days after the filing of the complaint to move for determination of a class action. On April 20, 1977 the court granted plaintiff's motion for an enlargement of time in which to move for a class action determination for an additional ninety days.

On July 19, 1977, plaintiff moved for a determination of class action status. Because the motion was unsupported we ordered the filing of the evidentiary material in support of the class action determination by August 19, 1977 and the objections thereto by August 29, 1977, and set the

matter for argument on September 7, 1977. We extended this time because plaintiff's brief said that he would rely on answers to interrogatories by defendant to establish the basis for the class action. The interrogatories were only served on July 8, 1977. They have been since answered or objected to on August 8, 1977.

We now have a request for the extension of the scheduled class action determination to which defense counsel consents. It is alleged that both counsel expect to engage in further discovery proceedings with respect to the evidentiary support for the class action determination.

This discovery procedure, which frequently arises in connection with class action allegations, troubles the court. A complaint was filed in this action which alleged that the plaintiff was representative of a class of persons who were entitled to class action relief. Rule 11 of the Fed.R. of Civil Procedure recites:

" . . . The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay."

This implies that the attorney signing the complaint has some knowledge of the existence of grounds to support his class action allegations. Local Rule 37 contemplates that these will be set forth in the complaint in a factual fashion, and not as mere conclusions in the language of the Rule. At the end of the 90 day extension a motion was filed to have the court make the class action determination. The motion was accompanied by a memorandum of law in support thereof, but the memorandum dealt primarily with the legal requirements of Rule 23 Fed.R. of Civ.P., and contained no supporting evidentiary material showing why the class action determination was appropriate. We allowed 30 additional days for the filing of this material and we now face plaintiff's motion for a further extension of time to engage in discovery.

The situation as it appears to the court is this: Plaintiff's complaint alleged that plaintiff was representative of a class; plaintiff was allowed additional time to support the class action allegations. Plaintiff then filed a motion for determination of the class action; plaintiff was allowed additional time to file supporting evidentiary materials necessary for the class action determination; now plaintiff asks for additional time to engage in discovery to determine whether or not he can support his class action allegations. It appears from all of this that the plaintiff's counsel had no reason at the time he signed the initial complaint to know whether or not his allegations of the existence of a class was supportable. We may conclude at the time of the complaint and at the present time plaintiff's counsel has no sufficient evidence to show that a class action is proper.

We believe that an attorney filing a complaint alleging the existence of a class of persons entitled to relief has a professional responsibility before signing and filing that complaint to determine that there is a sufficient evidentiary basis to support the class action allegations. While it may sometimes be necessary to indulge in discovery to prepare these materials in evidentiary form the amount of such discovery should be limited to this purpose. The time allowed by the Local Rule and by the court should not be used by the plaintiff's counsel to engage in a fishing expedition to determine whether or not there is any factual support for his allegations. Naturally, a defendant's counsel, facing such moves, will agree to an extension of time so that he may protect himself against the consequences of such discovery.

We are, therefore, of the opinion the plaintiff should come forth with such evidence as he presently has to support his class action allegations. While a class action determination should be made promptly, there is no barrier to its determination at a later stage of the proceedings.

We will expect the parties to file these materials and appear for argument at the dates previously set.

SO ORDERED this 11th day of August, 1977.