Liz **PEAK, for herself and all others similarly situated, Plaintiff,**

v.

**TOPEKA HOUSING AUTHORITY, CITY OF TOPEKA, Defendant.**

**Civ. A. No. 77–4177.**

United States District Court, D. Kansas.

Jan. 31, 1978.

Fred W. Phelps, Topeka, Kan., for plaintiff.

J. Steven Pigg, Asst. City Atty., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

The above-captioned case comes before the Court on defendant's "Motion to Partially Dismiss Complaint," seeking dismissal of the cause of action based upon 42 U.S.C. § 1981 for lack of subject matter jurisdiction and dismissal of the class action allegations in the complaint for failure to state a claim upon which relief can be granted.

This is an employment discrimination case wherein plaintiff Peak challenges the employment practices of defendant Topeka Housing Authority. Since the complaint filed in this case is the object of defendant's attack and will be referred to throughout this order, it is reproduced in full in appendix form below.

■ Defendant first claims a defect in plaintiff's complaint essentially for its failure to allege a statute conferring subject matter jurisdiction upon this Court. Plaintiff's memorandum in response to this challenge (which curiously concludes with a prayer that her complaint "be held insufficient") correctly states that 28 U.S.C. § 1343 confers subject matter jurisdiction over this case upon the Court. However, such a response does not erase the fact that plaintiff's complaint does not comply with Rule 8(a)(1), Federal Rules of Civil Procedure, which commands that a plaintiff plead "a short and plain statement of the grounds upon which jurisdiction depends." The complaint "must show affirmatively jurisdiction of the subject matter, and when such affirmative averments are not made, the complaint may be dismissed on motion." *Truck Drivers & Helpers v. Grosshans & Petersen, Inc.*, 209 F.Supp. 164, 167 (D.Kan. 1962). Since it is obvious that plaintiff can amend her pleading to aver jurisdiction properly, leave to amend will be granted pursuant to Rule 15(a), Federal Rules of Civil Procedure. Defendant's motion to dismiss on this ground will be held in abeyance thirty days pending such amendment, and if the amendment is properly made this aspect of defendant's motion will be overruled and denied.

The second facet of defendant's motion presents more troublesome questions. Defendant attacks the class action allegations of the complaint as vague and conclusory, and therefore insufficient to allow this case

to proceed as a class action. Defendant points out the lack of any indication that this case is appropriate for class action treatment under Rule 23, reflects upon plaintiff's counsels' poor track record with regard to motions for class treatment, and objects to counsel's "using such a broad-scope complaint as a port from which to embark upon a large scale fishing expedition apparently hoping to catch some species of evidence to support at least one facet of his generalized individual and class allegations." Defendant cites 3B Moore's Federal Practice for the contention that "the complaint . . . should allege the existence of necessary facts showing that the prerequisites of [Rule 23(a)] have been satisfied." *Id.* § 23.02–2, pp. 23–152 to 153.

Plaintiff responds that "Moore's suggestions are merely suggestions and not codified requirements," and that paragraph 6 of the complaint both satisfies "many of the prerequisites" of Rule 23, and is sufficiently specific to withstand defendant's motion. Plaintiff cites, respectively, for these contentions *Urban v. Breier* 401 F.Supp. 706 (E.D.Wis.1975), and *Mason v. Calgon Corp.,* 63 F.R.D. 98 (W.D.Pa.1974).

The Court has undertaken a review of authority dealing with the standards which must be met by complaints purporting to initiate class action litigation. Professor Moore is not alone in his contention that the complaint in a class action should allege facts pertinent to the maintainability of the action on behalf of the class:

> [I]n a class action plaintiff is required to set forth more than the three elements of a complaint described in Rule 8(a); he must also show that his action falls within Rule 23. "Under the present Rule 23, an allegation of class representation is attended by serious consequences." Therefore, for an action to go forward under Rule 23, the pleader must establish that the four requirements set forth in subdivision (a) are satisfied and that the action falls within one of the three categories described in subdivision (b).

7A Wright & Miller, Federal Practice & Procedure, Civil, § 1798 (footnotes omitted).

As a general proposition, facts illustrating compliance with Rule 23 prerequisites should be accommodated by the complaint. 4 Newberg, Class Actions, § 7985 at p. 1313.

While Title VII cases may be particularly well-suited for class-action treatment, the mere fact that one brings an action under Title VII does not automatically entitle him to a class action. *Mason v. Calgon, supra;* see *Doctor v. Seaboard Coast Line R. Co.,* 540 F.2d 699, 706–07 (4th Cir. 1976), and cases cited therein: Further, the mere fact that a complaint alleges a class action is not dispositive of the question whether class treatment is proper. *Berger v. Purolator Prods., Inc.,* 41 F.R.D. 542 (S.D. N.Y.1966); *Cash v. Swifton Land Corp.,* 434 F.2d 569 (6th Cir. 1970).

One who wishes to bring a class action should indeed allege in the complaint that the case is brought as a class action. See, *e. g., Washington v. Safeway Corp.,* 467 F.2d 945 (10th Cir. 1972). However, "there must not only be allegations relative to the matters mentioned in [Rule 23], but, in addition, *there must be a statement of basic facts.*" *Gary v. Industrial Indemnity Co.,* 7 F.E.P. 193, 196 (N.D.Cal.1973); *Gillibeau v. City of Richmond,* 417 F.2d 426 (9th Cir. 1969). "[I]n a class action, the complaint should contain the basic elements of plaintiff's contentions . . ." *Weiss v. Tenney Corp.,* 47 F.R.D. 283, 287 (S.D.N.Y. 1969).

In *Hyatt v. United Aircraft Corp., Sikorsky Aircraft Div.,* 50 F.R.D. 242 (D.Conn. 1970), the court was faced with a conclusory, "across-the-board" complaint analogous to the one before us. In the course of denying certification of the alleged class, the court said:

> The complaint alleges in broad, sweeping terms—absent any specification whatsoever—that plaintiff and members of the class he purports to represent have been discriminated against by defendant "because of race or color with respect to compensation, terms, promotions, conditions and privileges of employment" and in "limiting, segregating and classifying

employees of Defendant Sikorsky in ways which deprive Plaintiff and other Negro persons in this class of equal employment and promotion opportunities, and otherwise adversely affect their status as employees because of race and color."

*Id.* at 244. The court noted that while it would ordinarily look to the complaint to determine compliance with Rule 23 prerequisites, the phrasing of the complaint made that impossible. The court also noted that aside from Rule 23 questions, "it is doubtful that the complaint complies with the requirement of 'a short and plain statement of the claim showing that the pleader is entitled to relief', Rule 8(a)(2), Fed.R.Civ.P., so far as the members of the class other than plaintiff [is] concerned." *Id.* at 246, n.3.

In *Marshall v. Electric Hose & Rubber Co.,* 65 F.R.D. 599 (D.Del.1974), the court was faced with a complaint which charged that:

> "The defendant company with full knowledge, cooperation and complicity of defendant unions, has discriminated against and continues to discriminate against the individually named plaintiffs, and the class they represent on the grounds of race and color. These acts, practices, policies and customs of racial discrimination include, but are not limited to, the specifics set forth below: recruitment, job qualifications, hiring, assignment, promotion, transfer, layoff, recall, discipline, discharge benefits, and apprenticeship training programs.

The court rejected the complaint because, *inter alia:*

> [W]hile there is a list of generic activities in which the Company allegedly practices racial discrimination, no inkling is given of the manner in which the alleged discrimination is carried out or perpetuated in these activities.
>
> To comply with fair notice pleading . . . the complaint should at least allege in general terms what acts, customs, practices or policies are followed by the Company which have the effect of favoring white citizens over black citizens

in "recruitment, job qualifications, hiring, assignment, promotion, transfer, layoff, recall, discipline, discharge benefits, and apprenticeship training program". If this were done, it would put the Company on fair notice of those customs, policies and practices which are being challenged as discriminatory, it would enable the defendants to focus on those practices in order to respond to the charges and in addition, it would enable the Court to determine whether there is a reasonable basis for a federally recognized claim under § 1981 and Title VII.

*Id.* at 605.

The cases cited by plaintiff in support of her contention the complaint is sufficient do not contradict the cases listed above, and in fact are of little help to plaintiff. In *Mason v. Calgon Corp., supra,* the court specifically states that Title VII does not automatically grant the right to a class action, particularly if plaintiff's claim arises from an isolated factual situation. The court denied class status, finding three of the prerequisites of Rule 23(a) unsatisfied. The court could determine from the factual allegations contained in the complaint that class status was improper. "Other than conclusory assertions, nowhere in the complaint does there appear a basis to support the claim relating to discrimination in hiring and recruitment . . . ." *Id.,* 63 F.R.D. at 105.

The other case cited by plaintiff, *Urban v. Breier, supra,* does indeed appear to support the maintenance of a class "where the four criteria required for maintenance of a class action were not set forth with specificity on the face of the complaint." Plaintiff's Reply Memorandum at 4. However, even a cursory reading of this case will reveal that the facts supporting the maintenance of a class action were known to the court, revealed and documented at a hearing on a motion for preliminary injunction, and specifically considered by the court in finding the complaint sufficient. Further, on page 709 of the opinion appears the following sentence:

> The complaint must set forth facts sufficient to show that the case complies with

[the] four criteria listed in Rule 23(a), and that it falls within one of the subsections of Rule 23(b).

■ The difference between the *Urban* case and the other cases cited above is the difference between pleading allegations of fact and mere legal conclusions. When sufficient allegations of fact appear to support the inference of the existence of a class, a court can find Rule 23 satisfied without the necessity that the criteria of Rule 23 be "set forth with specificity on the face of the complaint," *Urban, supra* at 709. However, when all that appears in the complaint is a recitation of the requirements of Rule 23, a simple allegation that these requirements are satisfied, or the bald conclusion that a defendant has violated a statute in every possible fashion with regard to all its black employees, the court can make no such determination.

■ We are convinced that the class allegations in plaintiff's complaint are defective and inadequate. This brings up the ancillary problem whether class allegations are properly attacked in a Rule 12 motion to dismiss. In certain instances it may be obvious from the face of the complaint that class treatment of a particular employment discrimination suit is inappropriate. However, such action is usually taken when the named plaintiff sets out his individual claim with sufficient precision that his inability to represent a class is patently evident. *Washington v. Safeway Corp., supra; Gresham v. Ford Motor Co.,* 53 F.R.D. 105 (N.D. Ga.1970). Alternatively, a hearing on the motion to dismiss may be held; in *Cash v. Swifton Land Corp.,* 434 F.2d 569 (6th Cir. 1970), the complaint cited one other instance of alleged discrimination and plaintiff was unable to show others in response to defendant's motion to dismiss. Dismissal of the class claims, however, is usually accompanied by a grant of leave to amend when the inappropriateness of class treatment does *not* appear on the face of the complaint. In *Lynch v. Kenston Bd. of Education,* 229 F.Supp. 740 (N.D.Ohio 1974), the court demanded a more definite statement as an alternative to dismissal of the class claims. In *Sedlarik v. General Motors Corp.,* 54 F.R.D. 230 (W.D.Mich.1971), defendant submitted a motion to dismiss plaintiff's individual claim. The court brought up the class question *sua sponte* since the complaint made reference to "others similarly situated." The complaint was dismissed (with leave to amend) for failure to "set forth the facts which are a condition to a class action." *Id.* at 234.

■ The alternative to dismissal is to wait until a motion for class certification is filed to consider whether the elements of Rule 23 can be satisfied. *Morrisville v. Delaware River Basin Comm'n,* 382 F.Supp. 543 (E.D.Pa.1974). Such a course may be advisable when discovery may be necessary to flesh out allegations of the existence of a class. *Yaffe v. Powers,* 454 F.2d 1362 (1st Cir. 1972). However, nothing in the present complaint indicates that plaintiff or her counsel have any idea of the parameters of the proposed class or the direction discovery should take. We believe plaintiff should at least give the Court some indication of the acts complained of, and of the type of information which will be sought in discovery. As was said in *Hatfield v. Williams,* 64 F.R.D. 71 (N.D.Iowa 1974):

> The party who seeks to utilize Rule 23 bears the burden of showing that he is entitled to do so within the provisions of the Rule itself . . .
>
> It appears that the burden might correctly be expressed as requiring that the party asserting the class nature of the action either (1) state, in the pleadings or elsewhere, sufficient facts and argument to make a prima facie showing of Rule 23's applicability, or (2) *in the absence of such showing, demonstrate to the court that discovery measures are likely to produce the information necessary* for making a class action determination . . .

*Id.,* 64 F.R.D. at 75 (emphasis supplied).

■ An attorney signing and filing a class action complaint "has a professional responsibility before signing and filing that complaint to determine that there is a sufficient evidentiary basis to support the class action allegations." *Barnett v. Laborers'*

*International Union of North America,* 75 F.R.D. 544, 545 (W.D.Pa.1977). We agree with defendant's contention that a complaint such as that before us should not be used as a mere "port from which to embark on a large scale fishing expedition." The Court knows from long experience that the discovery requests propounded in employment discrimination cases filed by plaintiff's counsel are both indiscriminate and burdensome; the lack of any specificity in the complaints in these cases is transformed into an excuse to demand documents and explanations concerning all phases of a defendant's employment practices, much of which is later shown to be completely irrelevant to any class plaintiff could have hoped to represent.

The above observation points up a deeper problem with the complaint before us. While movant attacks only the class allegations of the complaint, these cannot be separated from the individual claim. Paragraph 6 of the complaint, upon which plaintiff relies for her charge of class determination, actually precedes the portion of the complaint labeled "class action allegations," and is only incorporated therein by paragraph 14. We are faced with the more basic problem that the complaint contains absolutely no proper factual allegations regarding the nature, or even existence, of plaintiff's *individual* complaint. Paragraph 8 merely alleges that the named plaintiff had been damaged by all of the "discriminatory acts" listed in paragraph 6. How, for example, plaintiff could claim to be personally injured by defendant's *hiring* policies and defendant's *termination* policies simultaneously, is a curious question.

■ It is true that in dicta the Supreme Court in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974), found "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits" in order to determine the propriety of having the case proceed as a class action. This may not be the case, however, when a court is faced with a motion to dismiss. *Haas v. Pitts-*

*burgh National Bank,* 381 F.Supp. 801 (W.D.Pa.1974). If an informed ruling on a motion such as that before us is to be made, the court should find out something of the nature of plaintiff's claim at an early stage. *Huff v. N.D. Cass Co.,* 485 F.2d 710 (5th Cir. 1973). While "on the merits" is "an elusive term at best," *Id.* at 714, nothing in the *Eisen* case precludes a court from requiring that the *nature* of the plaintiff's claim be alleged in the complaint.

■ The complaint now before us reveals nothing of plaintiff's individual grievance or grievances. The casual reader might suspect that the complaint filed in this case could be filed in any Title VII case by merely changing the caption, and such a surmise would in fact be correct. As we noted in our order in *Lee v. United Rubber Workers,* Case No. 77–4183 (D.Kan., 1/17/78, unpublished), the complaint now before us is identical in all respects save for the names, dates, and caption to complaints filed in at least eight other "class action" employment discrimination suits filed by plaintiff's counsel. In addition, movant points out similarities between the operative allegations of the present complaint and its counterparts in various other Title VII cases filed by plaintiff's counsel in the past two years. We have undertaken a "bibliographical comparison" of the motions for class action and supporting memorandums filed in twenty-three such cases, and found all to be evolutionary variants of the first such motion and memorandum filed. *Smith v. Josten's American Yearbook Co.,* 78 FRD. 154 (D.Kan.1978). In footnote 11 of that order we stated our conviction that the complaints filed by plaintiff's counsel are form documents as well. Our belief has been indeed borne out, and it appears that counsel's "production-line practice" with regard to Title VII cases is in large measure responsible for the difficulties with which we deal today. Plaintiff's counsel demonstrates "no willingness to give individualized thought to the demands and parameters of this case as an individualized lawsuit, against a distinct and particular defendant, arising out of identifiable and ar-

ticulable claims." *Lee v. United Rubber Workers, supra.* Also, as we stated in *Josten's, supra,* counsel's production-line approach is itself evidence of inability to fulfill the requirement of Rule 23(a)(4) that plaintiff's counsel work vigorously on behalf of absent class members. See also, *Taub v. Glickman,* 14 F.R.Serv.2d 847 (S.D. N.Y.1970).

■ We do not believe plaintiff should be allowed to proceed to discovery upon the tenuous and chimerical basis of the present complaint. Bald allegations of illegality, unsupported by any substantial facts, have long been recognized as inadequate to withstand a motion to dismiss. *Carr v. Sharp,* 454 F.2d 271 (3d Cir. 1971); *Orange Nat'l Bank·v. Bank of La.,* 382 F.2d 945 (5th Cir. 1967); *Negrich v. Holn,* 379 F.2d 213 (3d Cir. 1967); *Car-Two, Inc., v. City of Dayton,* 357 F.2d 921 (6th Cir. 1966); *Int'l Harvester Co. v. Kansas City,* 308 F.2d 35 (10th Cir. 1962), *cert. den.* 371 U.S. 948, 83 S.Ct. 503, 9 L.Ed.2d 498; *Halliburton Co. v. Norton Drilling Co.,* 302 F.2d 431 (5th Cir. 1962); *Polhemus v. AMA,* 145 F.2d 357 (10th Cir. 1944). As is stated in 5 Wright & Miller, Federal Practice and Procedure, Civil, § 1215, at 112–13:

> Although the Supreme Court referred to "simplified notice pleading" in the course of its decision in *Conley v. Gibson,* [355 U.S. 41 [78 S.Ct. 99, 2 L.Ed.2d 80] (1957)], it is clear from the Court's opinion in that case that the Federal Rules require the complaint to give defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests" [Id. at 48 [78 S.Ct. 99]]. Implicit in this passage is the notion that the rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented. Of course, great generality in the statement of these circumstances will be permitted as long as defendant is given fair notice of what is claimed; nonetheless, Rule 8(a)(2) does require that the pleader disclose adequate information concerning the basis of his claim for relief as distinguished from a bare averment that he wants relief and is entitled to it.

We do not believe plaintiff's complaint meets even this minimal standard. This Court has had prior occasion to discuss the concept of "notice pleading" in the context of other civil rights cases filed by plaintiff's counsel, where conclusory allegations of conspiracy under 42 U.S.C. § 1985 were made without any factual allegations tending to support an inference of conspiracy. See, for example, our order in *Brown v. Chaffee,* Case No. 77–4133 (D.Kan., 10/4/77). Although there is "no assurance that the degree of specificity required . . in actions brought under § 1983 and § 1985 is the same as that . . . required in actions brought under § 1981 and Title VII," *Marshall, supra,* 65 F.R.D. at 604, the cases overwhelmingly point to the inadequacy of a complaint such as that before us even in a Title VII action with its strong flavor of public policy.

The rules of pleading in Title VII cases are decidedly liberal in this circuit, see *United States v. Gustin-Bacon Div., Certainteed Products Corp.,* 426 F.2d 539 (10th Cir. 1970). Yet as the court said in *Marshall, supra:*

> The present complaint falls short of the *Gustin-Bacon* complaint. It is deficient in that it fails to allege what acts, practices, policies or customs are involved that favor white over black citizens . . .

*Id.,* 65 F.R.D. 599 at 605 (1974).

> Liberal as are the federal rules of pleading, something more than a conclusory allegation of systematic racial discrimination is required. Some facts as to when, how, to whom, and with what results such discrimination has been applied would seem a minimum required . .

*Ogletree v. McNamara,* 449 F.2d 93, 98 (6th Cir. 1971). The Court has been unable to find a case in which allegations of the type before us were held sufficient. In *Williams v. Gen'l Foods Corp.,* 492 F.2d 399 (7th Cir. 1974), it was held that a Title VII complaint which alleged no supporting facts was properly dismissed. In *Grohal v. Stauffer Chemical Co., Inc.,* 385 F.Supp. 1267 (N.D.

Cal.1974), it was held that a "series of general allegations" were insufficient to withstand a motion to dismiss. In granting leave to amend the complaint, the court suggested:

Plaintiff should, in amending her complaint, at least give some facts regarding the discrimination she feels that she herself suffered.

See also, *Gillibeau, supra; Hyatt, supra; Gary, supra;* and *Marshall, supra.* In *Edwards v. North American Rockwell Corp.,* 291 F.Supp. 199 (C.D.Cal.1968), the court found a complaint containing allegations which were, if anything, more specific than those before us "so vague and generalized that defendant cannot safely prepare responsive pleadings based thereon" because "the allegations of the Complaint are both ambiguous and indefinite as to the alleged unlawful employment practices upon which plaintiff is basing her claim." *Id.,* 291 F.Supp. at 212. The same was true in *Nishiyama v. North American Rockwell Corp.,* 49 F.R.D. 288 (C.D.Cal.1970).

Thus we believe plaintiff's complaint must be dismissed. While we are aware that overly burdensome discovery in a class action case can be denied, *Kolta v. Tuck Industries, Inc.,* 20 F.R.Serv.2d 1049, we believe it would be inherently burdensome and unfair to allow plaintiff's counsel to proceed with any discovery on the present state of the record. Some more specific showing of plaintiff's individual claims, and the reason for her belief that class action status is appropriate in this case, will need to be shown. As was said in *Gresham v. Ford Motor Co.,* 53 F.R.D. 105, 106 (N.D.Ga. 1970):

Undoubtedly, *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir. 1969), and *Oatis v. Crown Zellerbach Corp.,* 398 F.2d 496 (5th Cir. 1968) have broadened the availability of class actions in Title VII suits. However, these cases neither require nor justify the conclusion that at the suit of any individual who is refused employment, not promoted, is disciplined or is fired allegedly because of his race, color, religion, sex or national origin, an employer subject to Title VII must submit for judicial scrutiny, and justify its every act or omission with regard to every individual of such race, color, religion, sex or national origin it has employed since enactment of Title VII. It is neither logical nor fair that every claim for relief brought pursuant to Title VII automatically qualifies for class action treatment.

We would add that it is unfair and unjust to allow a plaintiff to base even an individual claim, let alone a class action, on the conclusory allegations of the complaint today before us.

Accordingly, defendant's motion to strike class allegations is granted, and further, plaintiff's complaint will be dismissed without prejudice and with leave to amend within thirty days. If by that time a proper complaint alleging both the proper jurisdictional statute and facts to support plaintiff's claim is filed, the Court will allow this action to go forward.

IT IS SO ORDERED.

## APPENDIX

## COMPLAINT

*INTRODUCTION:*

1) This action for declaratory, injunctive, monetary and other appropriate relief is brought by the plaintiff, Liz Peak, to redress violations by the defendant of rights secured to the plaintiff by federal law.

*JURISDICTION AND VENUE:*

2) This action arises under and jurisdiction is conferred upon this Court by 42 U.S.C. § 2000e, et seq. (Title VII) and 42 U.S.C. § 1981.

3) The unlawful employment practices and actions alleged below have been committed within the State of Kansas and venue is properly laid in this Court by virtue of 28 U.S.C. § 1391(b).

4) Plaintiff, Liz Peak, is a black citizen of the United States residing at 28 Harvard Lane, Topeka, Kansas.

APPENDIX—Continued

5) Defendant, Topeka Housing Authority, City of Topeka, is an organized business entity organized and existing under the laws of the State of Kansas and is an employer within the meaning of Section 701(b) of Title VII, 42 U.S.C. § 2000e–(b), with offices at 215 East Seventh, Topeka, Kansas.

*VIOLATIONS ALLEGED:*

6) At all times relevant hereto, the defendant has effected employment policies and practices of unlawful and systematic exclusion of, and discrimination against black citizens including the representative plaintiff by failing to hire and to promote black individuals; by failing to hire black individuals of the applicable work force in better paying positions in the same manner and at the same rate as comparably trained and qualified or similarly situated white individuals; by failing to transfer black individuals on the same basis as white individuals; by failing to equalize salary, compensation, benefits and terms and conditions of employment for black employees as contrasted with comparably trained and qualified or similarly situated white employees; by adopting unreasonable, unwarranted and arbitrary standards and conditions of employment and advancement intended to discriminate in favor of white individuals; by failing to recruit black individuals in the same manner and to the same extent as white individuals; and by underutilizing available, qualified black employees and job applicants; and by discharging and laying off black employees, while not discharging and laying off comparably trained and qualified or similarly situated white individuals.

7) Defendant employs and hires blacks in discriminatory fashion.

8) As a result of these unlawful discriminatory acts, plaintiff has sustained serious losses, including loss of pay and benefits.

9) On May 29, 1976, within ninety (90) days after said unlawful employment practices occurred, plaintiff filed a charge in writing with the Equal Employment Opportunity Commission complaining that defendant had acted in a discriminatory manner relating to employment because of her race.

10) Said charge and statement were referred to the appropriate agency of the State of Kansas within the prescribed time period and manner, copy attached (Exhibit "A").

11) On August 24, 1977 plaintiff was notified of her right to institute a civil action under Title VII of the Civil Rights Act of 1964 as amended. A copy of the correspondence in this regard is attached hereto, (Exhibit "B").

12) Plaintiff has therefore instituted this action to obtain appropriate relief.

*CLASS ACTION ALLEGATIONS:*

13) The named plaintiff brings this action on her own behalf, pursuant to Rule 23(a) and 23(b)(1)(A) and (2) and (3) of the Federal Rules of Civil Procedure.

14) All of the aforementioned acts of the defendant violate Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, et seq., in that they discriminate against black individuals on account of race in the hiring, promotion, discharge, salary rights, job assignment, conditions of employment and recruiting.

WHEREFORE, plaintiff respectfully prays that:

(a) This Court enter a declaratory judgment, declaring the aforementioned acts and practices of the defendant to be in violation of 42 U.S.C. §§ 2000e, et seq.

(b) Issue a preliminary and permanent injunction prohibiting defendant from (i) engaging in a pattern and practice of discrimination against plaintiff on the basis of race and (ii) from seeking retaliation against plaintiff for seeking the terms and conditions of employment to which she is entitled.

(c) Require the defendant to pay back any compensation with interest to the named plaintiff and to all members of the class, as a result of the aforementioned discriminatory conduct.

APPENDIX—Continued

(d) Appoint an administrator whose post is funded by the defendant through the Court to facilitate effective monitoring of any and all relief granted in this action.

(e) Awarding plaintiff affirmative relief in the nature of tenure and promotion, including all appropriate benefits not limited to seniority and pension adjustment, which they were denied on the basis of race discrimination.

(f) Require the defendant to hire, promote and appoint black individuals to appropriate positions within its employment structure.

(g) Institute effective affirmative action programs to promote the hiring of black individuals in the presently deficient areas as outlined above.

(h) Awarding plaintiff the costs of this suit and reasonable attorney's fees.

(i) Award such other and further relief as the Court may deem just and proper.