Rita J. SHANNON and Jack Carter, on behalf of themselves and all others similarly situated, Plaintiffs,

v.

HESS OIL VIRGIN ISLANDS CORPORATION, Defendant.

Civ. No. 75–291.

District Court of Virgin Islands, St. Croix.

Nov. 9, 1982.

John K. Dema, Christiansted, St. Croix, V.I., for plaintiffs; John R. Coon, Christiansted, St. Croix, V.I., of counsel.

Alexander A. Farrelly, Birch, deJongh & Farrelly, St. Thomas, V.I., for defendant; Alfred W. Blumrosen, Kaye, Scholer, Fierman, Hays & Handler, New York City, of counsel.

## MEMORANDUM AND ORDER

CHRISTIAN, Chief Judge.

This case is once again before the Court on a motion of defendant to dismiss the class allegations contained in the amended complaint of plaintiffs. The parties were directed to brief the issues raised by that motion in light of the recent decisions of the United States Supreme Court in *Ford Motor Company v. Equal Employment Opportunity Commission*, —— U.S. ——, 102 S.Ct. 3057, 73 L.Ed.2d 721 (1982) and *General Telephone Company of the Southwest v. Falcon*, —— U.S. ——, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982). Defendant also moves for a reconsideration of the Court's prior discovery orders in light of these two opinions. For the reasons set forth below, the motions will be denied.

## I. *The Procedural Background*

Plaintiffs commenced this lawsuit under the terms of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17.[1] They seek declaratory, injunctive and monetary relief in connection with what they contend are discriminatory employment policies and practices maintained by defendant Hess Oil Virgin Islands Corporation (hereinafter referred to as the employer). It is alleged that named plaintiff Shannon is "female, black and a citizen of the United States" who had been injured by such practices when applying for employment with the defendant. First Amended Complaint Par. 3. The amended complaint states that named plaintiff Carter is a "black, [male] . . . citizen of the United States" who also

experienced discriminatory treatment in applying for employment with the defendant. *Id.* Par. 4 Shannon brings her complaint on behalf of herself and also seeks to represent a class of persons which consists of "all other" "past, present and future" female applicants and employees of the defendant. Plaintiff Carter sues on his own behalf and seeks to represent all "past, present and future" black applicants and employees of defendant. The first cause of action alleges that defendant has practiced "discriminatory methods of hiring, recruitment, job classifications, pay, promotions, training [and] discipline . . ." with respect to female employees and female job applicants. The second cause of action challenges the same alleged practices with respect to all black employees and black job applicants.

## II. *Discussion*

Defendant has strenuously (and repeatedly) argued that various defects in the class allegations as set forth in the amended complaint offend the strictures of Rule 23 of the Federal Rules of Civil Procedure and therefore warrant dismissal of the complaint insofar as relief is sought for the proposed classes. Treating this latest motion as a motion for dismissal under Rule 12(b)(6),[2] we view the questions presented for decision to be as follows:

(1) Does the asserted lack of specificity as to the injuries allegedly suffered by the named plaintiff Shannon vitiate her standing to represent any or all of the members of the proposed class of females and therefore require the dismissal of such class allegations?;

(2) Does the fact that the defendant offered employment to named plaintiff Shannon following her initiation of administrative charges disqualify her from representing any or all members of the proposed

1. Other claims for relief are stated under 42 U.S.C. § 1981, 28 U.S.C. §§ 2201 and 2202 and 10 V.I.C. §§ 1–10 and 10 V.I.C. § 61 (Virgin Islands civil rights laws).

2. Although defendant grounds its motion upon Rule 23, we view such a request as premature inasmuch as plaintiffs have not yet moved for

class certification. *Cf. Borough of Morrisville v. Delaware River Basin Commission*, 382 F.Supp. 543, 547 (E.D.Pa.1974). Accordingly, we will deem the present motion as one seeking partial dismissal for failure to state a claim upon which relief may be granted.

female class and therefore require the dismissal of such class allegations?; and

(3) Does the status of these two named plaintiffs as unsuccessful job *applicants* jeopardize their standing to represent those members of the proposed classes who are or were *employees* and therefore require the dismissal of those class claims asserted on behalf of employees?

These three questions will be discussed *seriatim* as follows.

A. Lack of Specific Injury.

 The starting point for resolving the questions of standing raised herein is of course Rule 23(a) itself. The rule provides as follows:

> *Prerequisites to a Class Action.* One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

The recent pronouncement of the Supreme Court in *General Telephone Co. v. Falcon, supra,* stresses that the requirements for class certification set forth in Rule 23 are no less exacting in actions, such as the present one, which are brought under Title VII. In *Falcon,* the named plaintiff was a Mexican American who had been denied a promotion by the defendant—employer. Alleging that the denial was based on his national origin, he sought relief under Title VII for himself and on behalf of all " 'Mexican-American persons who are employed, or who might be employed, by [the defendant] . . . who have been and who continue to be adversely affected by the [discriminatory] practices complained of herein.' " *Id.* at ——, 102 S.Ct. at 2367. After initiating discovery, plaintiff then sought, in accordance with Rule 23, a certification of " 'the class of all hourly Mexican Americans employees who have been em-

ployed, are employed, or may in the future be employed and all those Mexican Americans who have applied or would have applied for employment had the defendant not practiced racial discrimination in its employment practices.' " *Id., quoted at* ——, 102 S.Ct. at 2368. The District Court granted the plaintiff's request for class certification in its entirety but without conducting an evidentiary hearing to determine whether the class representative met the typicality and commonality requirements of Rule 23; that is whether he was actually a part of the proposed class and whether he " 'possess[ed] the same interest and [had] suffer[ed] the same injury' as the class members." *East Texas Motor Freight System, Inc. v. Rodriguez,* 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977), *quoting Schlesinger v. Reservists Committee to Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 2929, 41 L.Ed.2d 706 (1973).

After trial, the District Court made separate findings of fact and conclusions of law as to the named plaintiff and as to the class. The Court found that the employer had discriminated against the named plaintiff in its promotion practices but not in its hiring practices. With respect to the class allegations, the Court found the employer liable for its hiring procedures but not for its promotion procedures. On cross appeals to the Fifth Circuit Court of Appeals, the defendant's argument that the class had been impermissibly overinclusive was rejected. Thereafter, the Supreme Court granted certiorari "to decide whether the class action was properly maintained on behalf of both employees who were denied promotion and applicants who were denied employment." *Id.* —— U.S. at ——, 102 S.Ct. at 2369.

The Court first reiterated its holding in *East Texas Motor Freight, supra,* that " 'careful attention to the requirements of . . . Rule . . . 23 remains . . . indispensable' and that the 'mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the lawsuit will be an adequate representative of those who may have been

the real victims of that discrimination.'" *Id.* at —————, 102 S.Ct. at 2369–2371, *quoting* 431 U.S. at 405–406, 97 S.Ct. at 1897–1898. Turning to the facts before it, the Court concluded that trial Court had erred in certifying the proposed class without having first made particularized findings that the class claims were "fairly encompassed" within the individual claim asserted by the class representative. The Court held that:

> [w]ithout any specific presentation identifying the questions of law or fact that were common to the claims of [the named plaintiff] and of the members of the class he sought to represent, it was error for the District Court to presume that [plaintiff's] claim was typical of other claims against [the defendant] by Mexican-American employees and applicants.

*Id.* — U.S. at ——, 102 S.Ct. at 2371. Accordingly, the judgment of the Court of Appeals affirming the certification order was reversed.

In the case at bar, defendant urges that the *Falcon* decision governs the legal issues raised in its motion to dismiss because of the "vagueness and conclusory nature" of the individual and class claims asserted by each of the named plaintiffs. Memorandum of Defendant concerning *General Telephone Co. v. Falcon* at 16. However, the concern of the Court in *Falcon* was not with the lack of specificity of the pleadings, it was with the lack of specificity of the *application* for class certification. In the present case, no such request has yet been filed nor has discovery relating to the request been completed.

The standard which must guide the court in disposing of a Rule 12(b) motion is too well established to be questioned; "[a]ll pleadings shall be construed as to do substantial justice." Fed.R.Civ.P. 8(f). The Federal Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a 'short and plain statement of the claim' [Fed.R.Civ.P. 8(a)(2)] that will give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests... The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome..." *Conley v. Gibson,* 355 U.S. 41, 47, 48, 78 S.Ct. 99, 102, 103, 2 L.Ed.2d 80 (1957).

■ The "misstep" of which the plaintiffs herein are accused is their failure to initially plead with the particularity required by Rule 23 (and subsequently elaborated on in *Falcon*) those individual injuries which will confer standing upon them to properly represent all members of their respective proposed classes. However, by its own terms, Rule 23(c) provides for a flexible determination as to the existence, scope and size of a proposed class. "A decision as to class certification is not immutable...". *Johnson v. Shreveport Garment Company,* 422 F.Supp. 526, 530 (W.D.La.1976), *aff'd. mem.,* 577 F.2d 1132 (5th Cir.1978). Thus, any initial order of class certification is, as the Court in *Falcon* itself recognized, "'inherently tentative'" and may properly be modified or even vacated "in light of subsequent developments in the litigation." *Id.* — U.S. at ——, 102 S.Ct. at 2371 *quoting Coopers and Lybrand v. Livesay,* 437 U.S. 463, 469 n. 11, 98 S.Ct. 2454, 2458 n. 11, 57 L.Ed.2d 351 (1978). In any event, as the Supreme Court has stated in a related context, there is "nothing in either the language or history of Rule 23 that gives a court any authority to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle and Jacquelin,* 417 U.S. 156, 177, 94 S.Ct. 2140, 2151, 40 L.Ed.2d 732 (1974). (improper for District Court to make a preliminary determination of the merits in order to impose on defendant the cost of notice to the members of the proposed class).

■ In *Falcon,* the Supreme Court did note that "[s]ometimes the issues are plain enough from the pleadings to determine whether the interests of absent parties are fairly encompassed within the named plaintiff's claim, and sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the cer-

tification question." *Id.* —— U.S. at ——, 102 S.Ct. at 2371. However, the Court in no way suggested that such probing is appropriate at the pleading stage. It is conceivable that a Title VII complaint which fails to allege any nexus whatsoever between the individual and class claims or otherwise "indicates that plaintiff [has no] idea of the parameters of the proposed class . . ." may be properly dismissed in accordance with Rule 12(b)(6). *Peak v. Topeka Housing Authority,* 78 F.R.D. 78, 83 (D.Kan.1978).[3] However, even imprecisely drafted class action allegations may be readily cured by leave to amend the complaint, by an order for a more definite statement, *Lynch v. Kenston School District Board,* 229 F.Supp. 740, 746 (N.D.Ohio 1964) or of course, by a precisely worded class certification order entered upon timely submission of the formal Rule 23 application and (as urged here in the orders of April 15 and May 25, 1982) the completion of any relevant discovery conducted thereto. *See, e.g., Yaffe v. Powers,* 454 F.2d 1362, 1366 (1st Cir.1972); *Karan v. Nabisco, Inc.,* 78 F.R.D. 388, 407 (W.D.Pa.1978) ("the preferable course is to permit discovery rather than prematurely to exclude [a] class."); *Borough of Morrisville v. Delaware River Basin Commission,* 382 F.Supp. 543, 547 (E.D.Pa.1974) (Rule 12(b) motion "not the proper vehicle for attacking the validity of plaintiffs' class action allegation."). In short, we are persuaded "that if an error should be made with regard to class status at an early stage, the Court should err in favor of maintenance of a class action." *Johnson v. Shreveport Garment Company, supra,* 422 F.Supp. at 530.

The amended complaint which is challenged in the present case may not set forth each of the individual and corresponding class claims with the desired degree of particularity. Nevertheless, it sets out a number of specifically described employment practices, of which some are obviously the bases of the individual claims asserted by each of the named plaintiffs.[4] Conversely, at least some of the class action allegations can be said to be "fairly encompassed" by the individual claims. The amended complaint is not therefore so lacking in specificity with respect to the challenged policies and acts of defendant and the concomitant injuries to plaintiffs as to deprive defendant of fair notice or to otherwise require dismissal of the class action claims prior to both the completion of discovery and the formal request for class certification. Indeed, if the Court were now to grant the relief which defendant seeks, it would commit the very error for which the District Court in *Falcon* was criticized, namely the determination of class status without a sufficient evidentiary foundation. Defendant will be afforded ample opportunity to challenge any or all of the class action allegations at such time as plaintiffs move for class certification and the court thereafter conducts a hearing on that request in conformance with Rule 23 as construed in *General Telephone Company v. Falcon.* Accordingly, the asserted lack of specificity of

---

**3.** The complaint in *Peak* set forth class allegations which were completely devoid of any factual assertions which suggested the existence of a proper Rule 23 class. The Court concluded that a Rule 12(b)(6) dismissal was warranted primarily because the class action allegations failed, under Rule 8, to put the defendant on fair notice of the "acts complained of." *Id.* at 83. However, the Court expressly distinguished between "pleading allegations of fact and mere legal conclusions." Id. "When sufficient allegations of fact appear to support the inference of the existence of a class, a court can find Rule 23 satisfied without the necessity that the criteria of Rule 23 be 'set forth with specificity on the face of the complaint,' . . ." *Id. quoting Urban v. Breier,* 401 F.Supp. 706, 709 (E.D.Wis.1975).

**4.** Defendant urges that the failure of plaintiff Shannon to specifically state in the pleadings that she was denied employment by Hess is fatal to her maintenance of a class action. However, neither the Court nor the adverse party reads a civil complaint in a vacuum. Plaintiffs' amended complaint, as supplemented by the record in this case, clearly indicates that Shannon's individual claim stems from a denial of employment allegedly caused by gender-based discrimination practiced by the defendant. In light of the lenient notice pleading and amendment rules contained in the Federal Rules, it cannot be seriously argued that the technical omission to which defendant points warrants a dismissal.

the individual claims asserted by each of the named plaintiffs provides no basis on which to dismiss any of the corresponding class claims prior to the completion of pre-certification discovery.

**B. The Standing of Named Plaintiff Shannon In Light of Defendant's Offer of Employment.**

 It appears from the record that prior to the commencement of this lawsuit, but subsequent to the filing of discrimination charges with the E.E.O.C., the defendant offered a position to plaintiff Shannon.[5] It is undisputed that Shannon subsequently rejected that offer. "As a result of rejecting the offer," defendant now argues, "Mrs. Shannon does not have the same interest as either applicants or employees, not being a rejected applicant and never having become an employee." Memorandum of Defendant, *supra* at 15.

 It is an established principle under Title VII jurisprudence that the employer's offer of a position or of promotion subsequent to the filing of an administrative charge does not thereby deprive the putative plaintiff of standing to challenge the employer's hiring or promotion practices at least with respect to injuries allegedly suffered prior to the offer. *See, e.g., Hackett v. McGuire Brothers, Inc.,* 445 F.2d 442, 446 (3rd Cir.1971); *Parham v. Southwestern Bell Telephone Co.,* 433 F.2d 421 (8th Cir. 1970). As the Court of Appeals for the Sixth Circuit has aptly noted:

> If an employer may negate an employee's standing to challenge discriminatory employment practices by the simple expedient of offering him unilaterally the relief he seeks for the class, the individual-initiated enforcement structure of Title VII is seriously threatened.

*Senter v. General Motors Corp.,* 532 F.2d 511, 519 (6th Cir.1976), *cert. denied,* 429 U.S. 870, 97 S.Ct. 182, 50 L.Ed.2d 150 (1976). Moreover, even where the named Title VII plaintiff actually fails in his individual claim, the class which he represents is not thereby barred from recovery. The "fact that the named plaintiff no longer has a personal stake in the outcome of a certified class action [does not] render[ ] the class action moot..." *Franks v. Bowman Transportation Co.,* 424 U.S. 747, 754, 96 S.Ct. 1251, 1259, 47 L.Ed.2d 444 (1976).

The recent decision of the Supreme Court in *Ford Motor Co. v. Equal Employment Opportunity Commission, supra,* upon which defendant places much emphasis, makes clear that an unconditional offer of employment to a putative Title VII plaintiff may (absent special circumstances) toll the continuing accrual of possible backpay liability to be imposed upon the offending employer. However, nothing in the opinion suggests that the post-charge offer precludes liability for injuries allegedly suffered *prior* to the offer or otherwise denies the plaintiff *ab initio* a real interest in potential litigation. Indeed, the Court expressly noted that the "contested backpay" at issue "stems from the period following [the defendant-employer's] offer" and that its decision "does not affect [plaintiffs'] right to claim backpay for the period before they rejected [defendant's] offers." *Id.* at —— U.S. at ——, n. 9, 102 S.Ct. at 3063, n. 9.

Therefore, while the 1975 job offer to plaintiff Shannon properly raises questions going to the damages aspect of this case, we fail to see how it has any bearing whatsoever on whether the elements of Rule 23 can be satisfied.[6] Defendant must look

---

**5.** Affidavit of Richard P. Vick, May 28, 1982. The offer was contained in a letter dated January 30, 1975 over the signature of Robert J. Trout, Sr., Manager of Personnel Administration for defendant's St. Croix facility. Because we conclude that the question of an offer of employment is immaterial to the present motion, we find it unnecessary at this stage to determine whether the offer was "conditional" or "unconditional". Nor do we decide at this time whether or not the job offer precludes

recovery for any of the individual or class allegations set forth in the amended complaint.

**6.** Defendant's concern that Mrs. Shannon's rejection of the job offer was the result of poor legal advice may be heartfelt but it is nonetheless misplaced. If, as defendant concedes, plaintiff's acceptance of the job offer would not "diminish her rights to proceed with her individual Title VII" claim, Memorandum, *supra* at 14, how is it possible that her *rejection* of the

elsewhere if it hopes to successfully challenge Shannon's standing to represent any or all of the members of the proposed female class.

**C. The Status of the Named Plaintiffs As Rejected Applicants.**

■ The most substantial argument advanced by defendant is that the status of the named plaintiffs as rejected *applicants* of the employer disqualifies them from properly representing those persons who are, or were incumbent *employees* of the employer. Since the injuries suffered by applicant as a result of discriminatory hiring practices are not conceptually identical with the injuries suffered by employees as a result of discriminatory promotion and workplace practices, it is urged that no aggrieved applicant could properly represent a class of aggrieved employees.

The *Falcon* decision unquestionably narrows the scope of the so-called "across-the-board" Title VII class action which attacks those discriminatory practices which result in differing injuries but are motivated by common policies. "The mere fact that an aggrieved private plaintiff is a member of an identifiable class of persons of the same race or national origin is insufficient to establish his standing to litigate on their behalf *all possible claims* of discrimination *against a common employer." Id.* —— U.S. at ——, 102 S.Ct. at 2371 n. 15 (emphasis added). Notwithstanding the foregoing, we do not read *Falcon* as permanently removing the across-the-board class action from the Title VII landscape. Firstly, the Court stated that it could not "disagree with the

proposition . . . that racial discrimination is by definition class discrimination." *Id.* Secondly, the Court envisioned at least some circumstances in which applicants and incumbent employees would share practically identical injuries and could therefore each meet the commonality and typicality requirements of Rule 23(a):

> If [the employer] used a biased testing procedure to evaluate both applicants for employment and incumbent employees, a class action on behalf of every applicant or employee who might have been prejudiced by the test clearly would satisfy the . . . requirements of Rule 23(a). Significant proof that an employer operated under a *general policy of discrimination* conceivably could justify a class of both applicants and employees if the discrimination manifested itself in hiring and promotion practices in the same general fashion, such as through entirely subjective decision making processes.

*Id.,* at —— n. 15, 102 S.Ct. at 2371 n. 15. (emphasis added).

The above quoted language may not afford much to the named plaintiffs herein. It does however at least provide them with a basis on which to complete their discovery, move for class certification and then proffer evidence, in accordance with Rule 23, that the injuries allegedly sustained in both hiring and in promotion have occurred in the same fashion and that a class of which includes both applicants and employees [7] would therefore be proper. In any event, we are unwilling, for the reasons stated above, to order a dismissal of any of

job offer would "diminish" her standing to recover at least for injuries sustained prior to January 30, 1975? Plaintiff may also be able to establish that the injuries she allegedly suffered prior to the offer of employment are "common" to injuries suffered by those members of the proposed class who challenge defendant's hiring practices.

**7.** The named plaintiff in *Falcon* asserted an individual claim alleging promotion discrimination and class claims asserting both promotion *and* hiring discrimination. Conversely, the present named plaintiffs assert individual claims alleging hiring discrimination and class claims asserting both hiring discrimination *and*

promotion discrimination. Because of Rule 23's underlying policy of efficiency and economy of litigation, the District Court in *Falcon* was faulted for permitting separate evidentiary approaches to the individual and class claims and thereafter making bifurcated findings with respect to the two categories of claims. *Id.* at ——, 102 S.Ct. at 2371. Upon moving for class certification in this case, the named plaintiffs will therefore be placed under a strict obligation to demonstrate precisely how the discrimination allegedly practiced by defendant in hiring is manifested "in the same way" as the discrimination allegedly practiced in promotion and other employment practices. *Id.*

the class action allegations prior to the formal certification hearing.

D. Motion to Reconsider The Previous Orders On the Scope of Discovery.

Defendant requests for a second time that the Court reconsider its April 15, 1982 Order concerning the scope of discovery pertaining to the proposed class action. We remain unconvinced that the discovery requests of a Title VII plaintiff which go to potential class claims must be rigorously scrutinized or otherwise restricted. If anything, the *Falcon* decision actually encourages a more comprehensive factual basis upon which the requirements of standing set forth in Rule 23 are to be met. Accordingly, the motion to reconsider will be denied, the Memorandum and Order entered in this case on May 25, 1982 will be reaffirmed in every respect, and defendant will be required to fully and timely comply with all other outstanding discovery requests and orders in this matter.

### ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that the motion of defendant to dismiss the class action claims of sex and race discrimination contained in the first amended complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of defendant to dismiss all class action claims asserted on behalf of past and present employees of defendant and as contained in the first amended complaint be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that the motion of defendant for reconsideration of orders previously entered on October 23, 1981, April 15, 1982 and May 25, 1982 concerning the scope of discovery based on the proposed class action be, and the same is hereby, DENIED;

IT IS FURTHER ORDERED that defendant shall respond to plaintiff's previously filed discovery requests no later than twenty (20) days from the date hereof; and

IT IS FURTHER ORDERED that the deadline for all discovery pertaining to the class action claims is set for December 15, 1982.