**Sandra HAUCK**

v.

**XEROX CORPORATION.**

**Civ. A. No. 77–1718.**

United States District Court, E. D. Pennsylvania.

March 22, 1978.

---

David H. Marion, Jos. F. Roda, Kohn, Savett, Marion & Graf, Philadelphia, Pa., for plaintiff.

Brenda C. Kinney, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Plaintiff brings this suit against her former employer, defendant Xerox Corporation (Xerox) under and pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 201 et seq. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 2000e–5(f), 29 U.S.C. § 216(b) and 28 U.S.C. § 1343(4).

She alleges in her first amended complaint, to which Xerox did not object, that during her employment at Xerox her supervisors refused properly to assist her in her work; denied her deserved promotions so that male employees could be promoted; deterred her efforts to seek promotional opportunities by misrepresenting the responsibilities attached to desired positions; intentionally failed to inform her of career opportunities; secretly altered records used to determine plaintiff's promotability; assisted male employees in their attempts to pirate her accounts; altered her records in retaliation for her protests against discriminatory treatment; issued discriminatory performance appraisals of her work; deliberately and discriminatorily increased her budget goals; assigned her discriminatory job assignments; afforded her lower compensation and expense allowances than males for performing like work; and prevented her from attending a conference for which she had been chosen by Xerox National Headquarters.

Plaintiff now moves to certify this action as a class action pursuant to F.R.C.P. 23(b)(2), seeking to bring this action on behalf of herself and all past and present female employees and applicants for em-

ployment at Xerox's Harrisburg and Fort Washington Branch Offices, alleging that when she began to work for Xerox she was employed in the Harrisburg office, and that office was part of Xerox's Fort Washington branch. Plaintiff also seeks leave to file a second amended complaint, alleging that she was denied a position as a sales representative for Xerox's 800 ETS Typewriter in Xerox's Baltimore, Maryland Branch, and seeks to include in the represented class all past and present female employees and applicants for employment in Xerox's Information Systems Group (ISG) Division in Harrisburg and Fort Washington, Pennsylvania, and in Xerox's Baltimore, Maryland Branch Office of Xerox's Office Systems Division (OSD).

Xerox opposes the motion to certify and the motion for leave to file a second amended complaint and moves to strike all scandalous matter from plaintiff's pleadings, with particular reference to certain allegations in the proposed second amended complaint.

 The plaintiff, seeking class certification, has the burden of establishing that she fulfills all the prerequisites and requirements of F.R.C.P. 23(a) and (b)(2) which provide as follows:

"Rule 23. Class Actions

(a) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

\* \* \* \* \* \*

(2) the party opposing the class has acted or refused to act on grounds gener-

ally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

The plaintiff has the burden and the requirements are mandatory: *Katz v. Carte Blanche Corporation*, 496 F.2d 747 (3d Cir. 1974). Failure to meet the burden precludes class action certification: *Peltier v. City of Fargo*, 396 F.Supp. 710 (D.N.D. 1975); *Mason v. Calgon Corporation*, 63 F.R.D. 98 (W.D.Pa.1974); *Boston Pneumatics v. Ingersoll Rand*, 65 F.R.D. 61 (E.D.Pa. 1974); *Blumberg v. Barrett*, (E.D.Pa. Civil Action No. 73–237, opinion dated December 27, 1974); *Daye v. Pennsylvania*, 344 F.Supp. 1337, 1342 (E.D.Pa.1972); *White v. Gates Rubber Co.*, 53 F.R.D. 412, 415 (D.Colo.1971); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 457 (E.D.Pa.1968). Repetition of the rule is insufficient. Specific facts must be recited and alleged sufficient to meet the requirements of the rule: *Gillibeau v. Richmond*, 417 F.2d 426, 432 (9th Cir. 1969). See generally *Martin v. Easton Publishing Co.*, 73 F.R.D. 678, 682 (E.D.Pa.1977).

Plaintiff must allege facts showing or tending to show:

1. The class is so numerous that joinder would be impracticable [numerosity];

2. The claims of the representative party are typical of the claims of the class [typicality];

3. There are common questions of law or fact [commonality];

4. Plaintiff will fairly and adequately protect the interests of the class [adequacy];

5. The defendants currently and in the past have acted or refused to act on grounds generally applicable to the class thereby making appropriate final injunctive and declaratory relief with respect to the class as a whole;

6. There are no difficulties likely to be encountered in managing a class action; and a class suit is superior to other methods of handling the suit. *Id.*

Xerox contends, *inter alia*, that plaintiff fails to satisfy the typicality and commonality requirements of a class action, because her action is individualized and uniquely personal. Because, as this Court noted in *Martin*, a Rule 23(b)(2) action is by nature "cohesive" and "homogeneous" because there is no notice to and opportunity for class members, wishing not to be bound, to opt out. *Id.* at 683. See also *Wetzel v. Liberty Mutual*, 508 F.2d 239 (3d Cir. 1975).

Plaintiff does not dispute the holding of *Martin*, but argues that it is not applicable to the case at bar. True, in *Martin*, the incidents alleged were more of a private spat between herself and her employer and not part of a pattern of discrimination against women. In fact, the plaintiff in *Martin* did not allege that anything that happened to her ever happened to anyone else, much less to a definable class on a repeating basis. By contrast, the plaintiff here alleges that the discriminatory treatment to which she was subjected did not stop with her, but was imposed on other women. For example, plaintiff alleges that the man who interviewed her for the sales representative position in Baltimore, a position which was denied her, also subjected another female employee to intense harassment following an affair he had with that employee. In Harrisburg, a supervisor told plaintiff he believed that a woman working a man's job took money out of a man's pocket, a statement that supervisor allegedly made to others. Another female employee, Carla Baum, states that she was told she would have to begin as a secretary and work her way up, and, once she was in sales with Xerox, she too was not advised of promotional opportunities which she had specifically requested. Plaintiff contends that she has alleged a continuous and pervasive pattern of clear sexual bias.

It is true that this case is distinct from *Martin* in that at least some of the alleged abuses are said to have recurred and involved other parties. We agree that this case does not involve such a highly particularized and uniquely personal situation as this Court encountered in *Martin*. Nonetheless, we feel that the "across-the-board" approach, utilized in *Wetzel v. Liberty Mutual, supra*, is not applicable in this case. As we noted in *Martin*, the "across-the-board" approach may properly be applied where an aggrieved plaintiff was affected by an *identifiable policy or practice* obviously applicable to others *in like status* or where an employer *admits* that the policy or practice identified was applied to all employees and hence all members of the class.

In the instant case, Xerox has not admitted that it uniformly subjects female employees to harassment, alters their records, conceals information as to promotional opportunities, etc. Also, this is not a case where an identifiable policy or practice is *obviously* applicable to others in like status. We do not have a situation where all women are denied disability benefits for time absent from work because of pregnancy, as in *Gilbert v. General Electric Co.*, 59 F.R.D. 267 (E.D.Va.1973) at 273, *affirmed*, 519 F.2d 661 (4th Cir. 1975).[1] In such a case, the policy is identifiable.

In this case, the policy is not identifiable. Plaintiff alleges that women are subjected to mistreatment, but such mistreatment, even if true, is not the consequence of a uniform policy. For plaintiff to have her records altered in Harrisburg is not the same as a woman being subjected to harassment following an affair with a supervisor in Baltimore and suggests no identifiable policy. Furthermore, we cannot equate the accusation of Carla Baum that she was denied information concerning promotional opportunities with the accusation by plaintiff that she was denied such information. The reason we cannot equate two such accusations for class certification purposes, absent the crucial element of identifiable employer policy, is that the two situations

---

1. This case is most familiar as the one in which the Supreme Court held that exclusion of pregnancy-related disabilities from the disability plan did not constitute sex discrimination in violation of Title VII, at 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976). The class certification issue was not discussed in that opinion.

involve substantially different facts, circumstances and proofs. One potential plaintiff may be able to prove her case and the other may not. One may be entitled to recover and the other not. A successful litigant in such a situation, if she is deemed a proper class representative, may afford free rides to other women not properly entitled to a recovery. Conversely, the opposite situation is equally disturbing: a class representative could fail to prove her case and prejudice the rights of a class member who, as a potential litigant, had a case that was valid and provable.

Thus, even though there are common allegations that more than one woman has been subjected to discrimination because of her sex and even though some allegations indicate similar conduct, the dissimilarities are such that we cannot certify this as a class action. This does not mean that plaintiff's action would be of no benefit to other women. Obviously, a recovery by plaintiff would be a deterrent to Xerox as regards future discrimination and would establish a precedent beneficial to other women. Thus, in denying class certification we are not denying women the opportunity to overcome sex discrimination by Xerox if such discrimination exists.

Therefore, because plaintiff fails to satisfy the typicality and commonality requirements of a Rule 23(b)(2) class action, we shall deny her motion to certify. In so doing, we shall also deny her motion for leave to file a second amended complaint because the additional matters dealt with in the second amended complaint concern the size of the class, if certification were proper. Since the second amendment has not been allowed, there is no need to consider the motion of the defendant to strike scandalous matter from the pleadings and memoranda and we shall, therefore, deny said motion.