**Theodore WHEELER and Donald Wheeler, Plaintiffs,**

v.

**ANCHOR CONTINENTAL, INC., Defendant.**

**Civ. A. No. 77–2004.**

United States District Court, D. South Carolina, Columbia Division.

Sept. 26, 1978.

William L. Pyatt, Daniel Fulton, Columbia, S. C., for plaintiffs.

James B. Spears, Jr., Haynsworth, Baldwin & Miles, Greenville, S. C., Thomas E. McCutchen, Whaley, McCutchen & Blanton, Columbia, S. C., for defendant.

### OPINION AND ORDER ON PLAINTIFFS' MOTION FOR CLASS ACTION DETERMINATION

HEMPHILL, District Judge.

This alleged discrimination action was filed by plaintiffs on October 7, 1977. The Complaint is styled as an "across the board" class action against defendant, Anchor Continental, Inc., challenging alleged discriminatory employment practices under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. as amended, and the Civil Rights Act of 1866, 42 U.S.C. § 1981. The action seeks both injunctive and monetary relief on behalf of plaintiffs individually and the purported class. Before the court is plaintiffs' Motion for Class Action Determination [1], filed March 29, 1978. This

---

1. Fed.R.Civ.P. 23(c)(1) provides: Class Actions (c) Determination by Order Whether Class Action to be Maintained; Notice; Judgment; Actions Conducted Partially as Class Actions.

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order

matter has been briefed by counsel[2] for both parties and was fully argued in a hearing before the court on September 6, 1978. Having been fully advised by counsel and having carefully reviewed the record and respective positions of all parties, this court publishes its Memorandum Opinion and Order regarding plaintiffs' Motion.

## I. STATEMENT OF FACTS

It is apparent that the present action was precipitated by and was generated by defendant's discharge of plaintiff Theodore Wheeler, a black former employee, after an (admitted) altercation between Wheeler and a white supervisor. Following his discharge, Wheeler filed an administrative charge of employment discrimination with the Equal Employment Opportunity Commission (EEOC). This charge is the only underlying administrative charge filed by either of the two named plaintiffs and concerns solely the discharge of Theodore Wheeler. The EEOC's investigation and administrative determination similarly dealt only with Theodore Wheeler's discharge.

Theodore Wheeler has been joined in this lawsuit by his brother Donald. Donald also is a former employee of defendant but, unlike Theodore Wheeler, Donald Wheeler voluntarily resigned his employment in 1976, more than a year prior to the present action. It further appears from deposition testimony in this case that Donald Wheeler has professed little or no interest in individual monetary relief[3], but instead has joined the lawsuit to help his brother in prosecuting the lawsuit against defendant by possibly shedding "a little more light on the subject."[4]

The personal claims raised by these named plaintiffs are highly individualistic. Theodore Wheeler focuses his individual claims almost exclusively on his discharge, which occurred under very unique circumstances. Donald Wheeler's personal claims similarly are very individualistic, focusing primarily on pay increases he claims he did not receive because of his race, alleged incidents of discriminatory discipline and harassment, and transfers and promotions he claims to have been discriminatorily denied. Neither individual plaintiff claims to have been discriminatorily affected by a policy or practice of general application to employees such as a seniority policy or testing practice, nor have plaintiffs presented evidence that any such policy or practice exists which adversely affects black employees.

These individual plaintiffs styled the instant lawsuit as the broadest possible class action attack on defendant's employment practices. In this regard, plaintiffs' Complaint alleges "across the board" unlawful racial discrimination.[5] Specifically challenging defendant's personnel practices relating to hiring, assignments, promotions, earning eligibility, pay, and discipline. The class of persons plaintiffs seek to represent in this action is similarly extremely broad. The class proposed by plaintiffs herein would include *all* former, present and future black applicants and employees with defendant.

In pursuing this broadly-styled class action, plaintiffs' attorneys have pursued a broad spectrum of discovery. At the time of the hearing on September 6, 1978, the discovery period had long since ended after having been previously extended on two (2) separate occasions at plaintiffs' request.

---

under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

2. Plaintiffs' counsel state that their failure to brief in detail was as a result of failure of defendant to respond to discovery. The court makes no finding agreeing with this statement.

3. See Deposition of Donald Wheeler, pp. 182-183.

4. Ibid, pp. 107-108.

5. The Complaint also alleges "across the board" discrimination on the basis of national origin. However, the record in this case shows a clear abandonment by plaintiffs of any and all such claims.

Altogether, discovery had proceeded for more than seven (7) months with much of plaintiff's attorneys' discovery being directed towards the class action aspects of the lawsuit. During the seven months plaintiffs filed four (4) separate sets of interrogatories and two (2) separate requests for production of documents. Extensive interrogatory answers from defendant have responded to each set of plaintiffs' interrogatories. In addition, over 2000 active and inactive personnel files, defendant's index file on all current employees and virtually all available pay records (1974–1978) were made available for plaintiffs' attorneys' discovery. No written motion for an additional extension of the discovery period was filed by plaintiffs' counsel.

In spite of this broad discovery, plaintiffs' present motion made no showing which might suggest that any of defendant's employment practices had, or was having an unlawful "adverse impact" on a class of numerous, similarly situated persons. Further, and more important to the present motion, plaintiffs have not shown sufficient information to convince this court that any class of numerous, similarly situated persons, including plaintiffs as members, existed. Plaintiffs instead have presented, in addition to their individual claims, only very general "statistics" which they claim show such things as the number of blacks employed by defendant and the number(s) of blacks hired and terminated by defendant during time periods relevant to this lawsuit.[6] These statistics did not demonstrate

to the court that there exists a sufficiently large group of persons with claims similar to those raised by plaintiffs which would justify further class action treatment for this case.[7] Plaintiffs' arguments during the hearing on this matter and in their supporting memoranda, in fact, primarily did little else other than restate the vague "class" allegations of their Complaint and cite the general statistics described above.

During the hearing, plaintiffs' counsel repeatedly stated that sufficient information was before the court to support a resolution of plaintiffs' motion. Defendant's counsel agreed, but insisted that such information did not establish the presence of a properly determinable or certifiable class. Plaintiffs also claimed that further discovery information was needed for them to show the existence of a claimed "pattern or practice" of discrimination by defendant.[8] Although given an opportunity to do so during the hearing, plaintiffs could not show how the further data sought by their motion to compel could add to the court's consideration of the class certification motion. From the arguments of the parties and the record, the court has sufficient information present to resolve the class action motion; the court hereby resolves plaintiffs' motion for class action determination on all the facts presently before it and in the record.[9]

## II. OPINION OF THE COURT

Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C., sets forth specific requirements that must be satisfied before

6. *In its opposing memoranda, and during the hearing defendant strongly contested the meaningfulness and accuracy of plaintiffs' statistics.*

7. Recently filed Supplemental Answers to defendant's First Interrogatories relating to the class allegations further demonstrate plaintiffs' exhaustive discovery has failed to yield any additional purported class members other than plaintiffs.

8. Plaintiffs' attorneys filed a Motion to Compel Discovery against defendant prior to the hearing on this matter. Defendant requested at least a temporary stay of the court's consideration of that motion until after plaintiffs' class action motion was resolved since the information sought to be compelled by plaintiffs dealt

solely with the merits of their class action claims. The court granted this request by Order dated July 27, 1978. However, the court's Order also gave plaintiffs an opportunity to press the court for allowances under the motion to compel at the hearing on class certification based on the relevancy of the discovery information sought to the issue of class certification.

9. At the close of the class certification hearing, plaintiffs' counsel renewed their request for additional discovery on the class action issues. However, based on the court's resolution of the instant motion, the court has denied that request.

any action denominated as a class action may proceed as such. Subdivision (a) of the Rule mandates, in pertinent part, that

> ▮ne or more members of a class may sue . . . as representative parties on behalf of all *only* if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims . . . of the representative parties are typical of the claims . . . of the class, *and* (4) the representative parties will fairly and adequately protect the interests of the class. (Emphasis added.)

▮ Plaintiffs urge this court to liberally apply Rule 23(a)'s requirements in this case in order to effectuate the purposes of the federal civil rights laws upon which they have based their action. This court must ever be mindful that class action status is not automatically appropriate for all discrimination suits designated as class actions by the purported representatives. *Clark v. Virginia Paper Co.*, 17 FEP Cases 581, 583 (D.S.C.1978); *Lightfoot v. Gallo Sales Co.*, 15 FEP Cases 615, 618 (N.D.Cal.1977); *Gresham v. Ford Motor Co.*, 53 F.R.D. 105, 106 (N.D.Ga.1970). Rather, the plaintiff seeking to conduct an employment discrimination action as a class action must prove that a proper class action, satisfying each specific requirement of Rule 23(a), has been alleged. *Clark v. Virginia Paper Co., supra*, at 583; *Collier v. Hunt-Wesson Foods, Inc.*, 13 FEP Cases 88, 92 (S.D.Ga.1976). "[W]hen no such satisfaction occurs, the class action portion of a complaint should be dismissed." *Hill v. American Airlines, Inc.*, 479 F.2d 1057, 1059 (5th Cir. 1973).[10] *Roman v. E.S.B., Inc.*, 550 F.2d 1343, 1349 (4th Cir. 1976).

The Fourth Circuit has emphasized that close attention to the requirements of Rule 23(a) is essential in employment discrimination class actions as well as other types of class actions. In *Doctor v. Seaboard Coast Line R. R.*, 540 F.2d 699 (4th Cir. 1976), the circuit court stated:

> Rule 23(a) sets forth the "mandatory requirements" that must be satisfied for the maintenance by a plaintiff of a class action; and, while suits involving racial discrimination lend themselves generally to class treatment, a plaintiff does not satisfy the burden that is his in order to qualify as a proper representative to maintain such an action merely because of his or her race or because he designates his action as a class action. "Title VII plaintiffs are not exempted from the prerequisites of Rule 23(a)." To satisfy the requirements of Rule 23, there must be a class of individuals raising the same claims or defenses too numerous for joinder and the plaintiff must be a representative of that class with a claim "typical of the claims or defenses of the class" both "at the time the complaint is filed, and at the time the class action is certified by the District Court pursuant to Rule 23 . . . ."

*Id.* at 706–07. Recently, the Fourth Circuit reiterated its approach in the *Doctor* decision. In *Shelton v. Pargo, Inc.*, No. 77–1125 (4th Cir., August 18, 1978), 582 F.2d 1298, the circuit court observed that

> [d]iscrimination cases do not qualify as *per se* class actions; they must meet the requirements of [Rule] 23(c)(1) for class certification the same as any other type of action and may not be treated as true class actions merely because they are supported by "boiler plate memoranda laden with self-serving conclusions."

*Id.*, 582 F.2d at 1312. The correctness of this approach was made clear by the Supreme Court's recent decision in *East Texas Motor Freight Systems, Inc. v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 543 (1977).[11] There, the court noted that while

---

**10.** "Class actions are permissible, indeed often preferable, in actions under Title VII if the requirements of Rule 23(a) and (b)(2), Fed.R. Civ.P. are satisfied, see *Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1968), but when no such satisfaction occurs, the class action portion of a complaint should be dismissed." [1059]

**11.** "The mere fact that a complaint alleges racial or ethnic discrimination does not in itself ensure that the party who has brought the

"suits alleging racial or ethnic discrimination are often by their very nature class suits, . . . careful attention to the requirements of Fed.R.Civ.P. 23 remains nonetheless indispensable." *Id.* at 405, 97 S.Ct. at 1898. The court further reaffirmed that a prospective class representative must show that he is a "part of the class and 'possess the same interest and suffer the same injury' as the class members." *Id.* at 403, 97 S.Ct. at 1896, quoting, *Schlesinger v. Reservists Committee To Stop the War,* 418 U.S. 208, 216, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974). As the Fourth Circuit stated in the *Shelton* decision, the Supreme Court's *Rodriquez* opinion dispelled "[a]ny notion that [employment discrimination class action] cases do not require the same inquiry with reference to compliance with [Rule] 23 as other types of cases . . . ." 582 F.2d at 1312.

■ On the record in this case, plaintiffs have not sustained their burden under Rule 23(a) in two major regards. *First,* plaintiffs' individual claims of discrimination apparently arise from unique circumstances rather than from the results of any class-wide policy and/or practice. Thus, it appears that plaintiffs have not satisfied the commonality and typicality requirements of Rule 23(a) and cannot demonstrate a sufficient "nexus," as required by the *Rodriquez* decision, between their individual claims and those claims they attempt to raise on behalf of the purported class to permit them to act as class representatives. *Second,* plaintiffs have failed almost completely to present any facts showing the existence of a sufficiently numerous class of similarly situated persons for any purported class claim. Instead, they have relied on conclusory statements in their complaint and supporting memoranda. Because of plaintiffs' primary reliance on speculative allegations in their complaint, rather than facts, to substantiate their motion for class action, plaintiffs have failed to satisfy their burden of demonstrating satisfaction of

both the numerosity and typicality requirements of Rule 23(a).

Plaintiffs' claims are concerned primarily with (1) the circumstances of plaintiff Theodore Wheeler's discharge, (2) the disciplinary actions taken against plaintiffs during their employment, and (3) the promotions, transfers, and pay increases which plaintiffs claim they were qualified to receive but were not granted. Thus, unlike the typical employment discrimination class action case, plaintiffs are not challenging a general employment policy such as testing, seniority rules, weight or lifting restrictions, pregnancy policies or other policies of general application that clearly relate to a sufficiently numerous, similarly situated group of employees. Rather, these instances of alleged discrimination present factual questions unique to each plaintiff because each instance involved an employment decision (e. g., transfer, promotion, etc.) based on the particular plaintiff's individual employment history or based on unique factual occurrences (e. g., plaintiff Theodore Wheeler's fight with his supervisor).

In *Doctor v. Seaboard Coast Line R. R., supra,* the Fourth Circuit held that, once the character or type of the purported class representative's individual claims are determined, a district court should then ascertain whether a sufficiently numerous class of persons exists to which such individual claims are common and typical. 540 F.2d at 708–09. There, as in the present case, the district court determined that plaintiff Doctor's claims were based on unique facts involving Doctor individually. For that reason, the district court held that Doctor could not represent the broad across the board class action he sought to maintain, particularly since he had not identified any other employees with similar claims. The Fourth Circuit affirmed in light of the clear individuality of Doctor's claim. 540 F.2d at 709, *citing with approval, Dennis v. Norwich Pharmacal, Co.,* 5 FEP Cases 921 (D.S.C.1973) [12] and *Bean v. Star Fibers, Inc.,* 5

lawsuit will be an adequate representative of those who may have been the real victims of that discrimination." [431 U.S. 465, 97 S.Ct. 1898, 52 L.Ed.2d 463.]

12. 17 F.R.Serv.2d 126.

FEP Cases 932 (D.S.C.1972).[13] Subsequent to its decision in the *Doctor* case, the Fourth Circuit approved this district court's revocation of a conditional certification in *Roman v. ESB., Inc.,* supra, based on a similar analysis. There, this district court characterized plaintiffs' true claims as focusing on an occurrence (layoff) affecting only plaintiffs and a small number of other persons. Thus, plaintiffs' claims were held not maintainable as the broad, classwide claims plaintiffs had sought to include involving promotions, pay, job assignments, etc. The lower court, with circuit court approval, accordingly refused to allow plaintiffs to maintain the broad class action alleged in their complaint. 7 FEP Cases at 1080, *aff'd,* 550 F.2d at 1348.

Recent district court opinions also have recognized that, where a purported class representative's claims are truly individual claims of disparate treatment, such claims do not provide a basis for broad class action treatment. In *Workman v. Ravenna Arsenal, Inc.,* 6 FEP Cases 149 (N.D.Ohio 1973), the district court held that a plaintiff who was discharged for fighting and who raised claims virtually identical to those presented here by Theodore Wheeler could not maintain a broad class action. The district court noted, as in the present case, that plaintiff's EEOC charge had included only allegations relating to his discharge and not the broad classwide allegations plaintiff sought to raise in his lawsuit. More significantly for purposes of the instant motion, the district court in the *Workman* case also noted that class action treatment was inappropriate because the type of occurrence giving rise to plaintiff's claims (fighting) occur only infrequently and involve a few employees. Further, class action treatment was not justified because plaintiff there presented no evidence indicating a company-wide policy of discrimination in imposing penalties for employee infractions of work rules such as that committed by plaintiff. The foregoing rationale applied in the *Workman* decision is applicable here given the primary emphasis of this lawsuit on the circumstances of Theodore Wheeler's discharge. Other district courts similarly have held that purported class representatives whose true claims focus on individual instances of disparate treatment regarding such matters as pay, promotions or discipline cannot satisfy the commonality and typicality requirements of Rule 23. *See, e. g., Hauck v. Xerox Corp.,* 78 F.R.D. 375 (E.D.Pa.1978). This court therefore finds that, in light of the character of plaintiffs' individual claims, plaintiffs cannot satisfy Rule 23(a)'s requirements of commonality and typicality.

The unique character of plaintiffs' claims also appears to this court to preclude plaintiffs' establishment of the required nexus between themselves and the broad class they purport to represent. As noted before, the Supreme Court's *Rodriquez* opinion requires that a prospective class representative be a member of the proposed class and have suffered the same injury and have the same interest as the proposed class members. Here, given the uniqueness of plaintiffs' claims and their inability to show persons who have suffered even similar injuries, the court finds that plaintiffs cannot satisfy this nexus requirement.

Plaintiffs' failure, after ample discovery, to present hardly any evidence showing the existence of employment practices of general application having a possible adverse impact on the proposed class, or even that any class of persons similarly situated to plaintiffs exists, further confirms the impropriety of class action treatment in this case. In this regard, plaintiffs presented a sparse selection of very general statistics showing numbers of blacks terminated and numbers of black applicants and new hires. Plaintiffs failed to show any nexus between these general statistics and the class action claims raised here. The court finds, in light of all the facts before it, that these general statistics are insufficient to meet plaintiffs' burden under Rule 23. In effect, plaintiffs have relied totally on the conclusory allegations to sustain the

13. 17 F.R.Serv.2d 124.

claimed class action. As this court and other courts often have held, such speculative allegations cannot support a class action. Mere speculation as to the existence of a class satisfies neither the numerosity requirement nor the typicality requirement. *Bean v. Star Fibers, Inc., supra,* at 933–34; *Steffin v. First Charter Financial Corp.,* 77 F.R.D. 498 (C.D.Cal.1978). *See also Doctor v. Seaboard Coast Line R. R., supra,* at 709.

### III. ORDER

The court, having considered the arguments of all parties and the record before it, hereby denies plaintiff's Motion for Class Action Determination on the grounds that plaintiffs' claims cannot satisfy the commonality or typicality requirements of Rule 23 and plaintiffs have failed to satisfy their burden of presenting sufficient evidence to show either numerosity or typicality. This action shall forthwith proceed as the individual action of the named plaintiffs. The Clerk will schedule the cause for hearing at the next calendar call of civil cases (assigned to this member of the court).

AND IT IS SO ORDERED.